IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02008-WYD-CBS

GREG STEIDINGER,

    Plaintiff,

v.

ATMEL CORP (CHRIS RATHER),

    Defendant.

## PROTECTIVE ORDER

WHEREAS, the parties consider certain information and documents in their possession to be confidential and proprietary and, therefore, mutually desire that a protective order limiting use, access to and disclosure of such information and documents be entered, and good cause having been found, it is hereby ORDERED as follows:

This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by Atmel pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

**1.    Confidential Materials**

    (a)    Any party or non-party bound by this Protective Order (the "Order") may designate as "CONFIDENTIAL" any of its own documents, testimony or other discovery material that contain trade secrets, and/or research, development, medical information, social

security information, commercial information (including financial and business information), or personal information of an employee that the party or non-party (or any predecessor in interest to a party or non-party) regards as confidential.  CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material, and shall also refer to the information contained in such materials.

(b) In designating information as "CONFIDENTIAL," a party or non-party shall make such a designation only as to materials which that party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, is not generally known or otherwise available to the public, which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or which is otherwise entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

**2. Disclosure of Materials Designated Confidential**

Discovery materials designated as "CONFIDENTIAL," including information derived from such materials (such as notes, extracts or summaries of CONFIDENTIAL materials), shall be maintained in confidence by the party to whom such materials are produced or given and may be disclosed only to the following persons ("Qualified Persons") and only in accordance with the terms of this Order:

(a) The Court and its officers (subject to the other provisions of this Order, including Sections 10 and 18 below);

(b) Counsel of record, employees of such counsel who are working under the direct supervision of such counsel, individual party and employees of party assisting with the case**,** in-house legal counsel and legal department employees of a party**,** and outside vendors providing copying, coding, digitizing, electronic document collection, analysis and preparation, and/or trial

support services under a confidentiality agreement with such counsel;

(c) Non-party experts, independent consultants, or other litigation support personnel who are not affiliated with a competitor of a party or currently employed or retained as a consultant by such a competitor, and who do not have an on-going relationship with such a competitor, and who are expressly engaged by outside counsel or a party to this case to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work ("outside consultants"), provided they sign the undertaking annexed at Exhibit A, but only in accordance with the procedures set forth in paragraph 4; and

(d) Any other person identified to the producing party and as to whom the producing party agrees in writing in advance of any disclosure.

**3. Inadvertent Production.**

The parties agree to resolve inadvertent disclosures of privileged materials in accordance with the terms set forth in the Scheduling Order, as follows:

The parties have agreed that, in the case of the inadvertent disclosure of privileged or trial preparation materials, the disclosing party does not waive the privilege or protection. The receiving party agrees to either return the documents and all copies to the producing party or to destroy the documents and all copies as soon as reasonably practicable after receiving notice of the inadvertent disclosure. If the receiving party opts to destroy the documents, it must provide a certificate of destruction within three (3) business days after destroying the documents. If the receiving party disputes the claim of privilege made by the producing party then the receiving party must provide written notification to the producing party within (7) business days after initial notification of the privilege by the producing party. The producing party then has (7)

business days to file a motion with the Court to resolve the issue. Failure to comply with this provision constitutes waiver.

**4.      Identification of Persons Receiving Designated Materials**

Any person described in paragraphs 2.c. or 2.d. shall be identified to the other parties before any CONFIDENTIAL material is shown to him or her; shall be made aware of the provisions of this Order; and shall agree to be bound by it as signified by signing a copy of the undertaking annexed at Exhibit A.

The persons receiving CONFIDENTIAL material are prohibited from disclosing it to any other person, except in conformance with this Order. The exchange of undertakings signed by the persons described in paragraph 2.d. shall not constitute a waiver of the attorney-client, attorney work-product, or any other privilege and shall not subject those consultants who are not designated as testifying experts to discovery except to confirm compliance with this order.

**5.      Inadvertent Failure to Designate**

No designation of documents, including the papers served and/or filed in this case, as "CONFIDENTIAL" information shall be effective unless there is placed or affixed on such material the following legend prior to its production: "CONFIDENTIAL." In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" at the time of its production, it may be corrected by written notification to opposing counsel or opposing party accompanied by copies of the previously-produced copies marked with the appropriate confidentiality designation. The receiving party shall make a reasonable effort to substitute the new copies for the previous copies.

**6.      Designation of Testimony**

Portions of testimony given at a deposition or hearing (including exhibits) may be

designated as "CONFIDENTIAL" by an appropriate statement on the record at the time of the giving of such testimony, or upon review of such transcript by counsel for the party or party whose CONFIDENTIAL material was given or otherwise produced at the deposition. Said review by counsel or party shall occur within thirty (30) days after either party's receipt of the transcript and shall occur as follows: counsel or party shall designate and list on a separate piece of paper the numbers of the pages and the numbers of the lines of the transcript containing CONFIDENTIAL material and shall mail copies of this list to counsel or party so that it may be affixed to the face of the transcript and also to each copy. During this thirty (30) day review period the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL material. If there is no statement on the record designating any portion of the transcript as "CONFIDENTIAL", and if no such designation is made within the thirty (30) day review period, the transcript shall be considered as containing no CONFIDENTIAL material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraph 3.

7. **Use of Designated Materials**

All discovery material, whether or not designated "CONFIDENTIAL," shall be used solely in connection with this litigation and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution or product design and development. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL information in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL information for any other purpose.

8. **Storage of Designated Materials**

All CONFIDENTIAL material shall be stored under the direct control of counsel of

record and/or party or persons approved under the provisions of Paragraph 2 of this Order who (a) shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and (b) shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order.

**9.     Disposition of Designated Materials Upon Termination of Case**

After a final, non-appealable termination of this case, receiving counsel or party may retain copies of the pleadings, correspondence, and depositions, and may retain documents, things, copies, and samples to the extent they include or reflect of counsel's attorney's work product.  All other CONFIDENTIAL material produced by a party, and all copies, shall be returned to the producing party, or counsel of record for the receiving party or party shall certify in writing that such material has been destroyed.  The obligation on outside counsel or party to maintain the confidentiality of materials designated as "CONFIDENTIAL" pursuant to this Order shall be deemed continuing.

**10.    Filing Designated Materials with the Court**

In connection with discovery proceedings as to which a party submits CONFIDENTIAL material, all documents and chamber copies containing CONFIDENTIAL material which are submitted to the Court shall be filed with the Court in accordance with local procedures for the submission of sealed materials.

**11.    Examining Witnesses on Designated Materials**

Notwithstanding any other provision of this Order, (a) A party, present employee of a party, or expert of a party may be examined and may testify concerning all CONFIDENTIAL

information produced by that party; and (b) Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

**12.     Consent to Jurisdiction**

Each person who receives any CONFIDENTIAL material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

**13.     Designation of Non-Party Confidential Information**

The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information. Any non-party who produces documents or other information in connection with this litigation may designate the documents or information produced as "CONFIDENTIAL" at the time the non-party produces such documents or information. All of Plaintiff's medical records obtained by subpoena or otherwise are hereby designated CONFIDENTIAL without the need for any further, particularized designation.

**14.     Subpoena by Other Courts or Agencies**

If a third party, another court, or agency orders the production of documents or information designated for protection under this Protective Order, such party shall promptly notify the producing party who designated the material of the order or subpoena so that the producing party may take steps to ensure its confidential information is protected.

**15.    Exceptions**

(a)    This Order shall not prevent or prejudice any party from applying to the Court for relief from, or modification to, this Order or for further or additional protection protective orders.  Likewise, the parties may agree to a modification of this Order subject to the Court's approval.

(b)    This Order has no effect on and shall not apply to a party's use or disclosure of its own confidential information for any purpose.

**16.    Challenging Designations**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  Any challenge must be made in good faith.  The written notice shall identify the document number (or Bates stamp number) of the document, if the information is contained in a document and where possible, and the specific information to which the objection is made and shall articulate a particularized basis for the challenge.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order (such motion shall be filed no later than 17 business days after the time the notice is received).  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in

accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

**17.** **Agreement to be Bound**

The parties agree to be bound by the terms of the Order prior to and subsequent to entry by the Court.

**18.** **Use of Confidential Materials in Court**

This provision governs the treatment of CONFIDENTIAL material used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.  A party that files with the Court, or seeks to use at trial, materials designated as CONFIDENTIAL shall submit to the Court a motion to seal.

DATED at Denver, Colorado, this 21ST  day of February, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

SO STIPULATED:

HOLME ROBERTS & OWEN LLP

By: _____
Susan D. Campbell
Attorneys for Defendants

_____
Greg Sleidinger
Pro Se

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT AND UNDERTAKING

1. I am familiar with and agree to be bound by the terms of the Protective Order in the litigation styled, *Greg Steidinger v. Atmel Corporation;* Case No. 07-cv-02008-WYD-CBS, pending in the United States District Court for the District of Colorado.

2. I will only make such copies of notes concerning documents designated CONFIDENTIAL as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon the completion of this litigation, pursuant to the terms of the Protective Order in this case.

3. I will not intentionally reveal the contents of CONFIDENTIAL material to any unauthorized person.

4. I will not intentionally use CONFIDENTIAL material for any purpose other than in connection with this action.

5. By signing below, I hereby acknowledge: (a) that I have read and understand the terms of the Protective Order and this Confidentiality Agreement and Undertaking; (b) that I agree to be bound by such terms; and (c) that I consent to the jurisdiction of the United States District Court for the District of Colorado for enforcement of this Confidentiality Agreement and Undertaking.

Date:_____

_____
Signature

_____
Printed Name

_____
Address